AMY J. LONGO (Cal. Bar No. 198304)
Email: longoa@sec.gov
ANSU BANERJEE (DC Bar No. 440660)
Email: banerjeea@sec.gov
JANET RICH WEISSMAN (Cal. Bar No. 137023)
Email: weissmanj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>YUH-YUE CHEN,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Securities and Exchange Commission ("SEC") alleges:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa(a).

2. Defendant has, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of

business alleged in this complaint.

3. Venue is proper in this district pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), because certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district.

## SUMMARY

4. This case involves insider trading in the securities of Skyworks Solutions, Inc. ("Skyworks" or "SWKS") by its former employee Yuh-Yue Chen ("Defendant" or "Chen"). While working as an engineer at Skyworks, Chen traded multiple times in advance of the company's earnings announcements. He improperly accessed the company's accounting and finance area, reviewed non-public financial reports, and used that information to purchase Skyworks securities, including, but not limited to, during the period April to July 2014. After Skyworks announced positive quarterly financial results, on April 22, 2014 and again on July 17, 2014, Chen sold Skyworks securities for a total profit of at least $739,959. In September 2014, Chen was caught in Skyworks' restricted office area for the accounting and finance staff and promptly fled the country.

## THE DEFENDANT

5. **Yuh-Yue Chen,** age 52, resides in Taiwan. During the relevant period, he resided in Irvine, California. Chen was a semi-conductor engineer for Skyworks from 2007 until September 30, 2014, when he was terminated. Chen left the United States for Taiwan in 2014; Chen returned to the United States on March 29, 2019 and was interviewed by the FBI at the airport.

## RELEVANT ENTITY

6. **Skyworks Solutions, Inc.** is a Delaware corporation. Its common stock is registered with the Commission pursuant to Section 12(b) of the Securities Act of 1933 and trades on NASDAQ Global Select Market under the symbol "SWKS." Skyworks options trade on the Chicago Board Options Exchange. Skyworks is based

in Woburn, Massachusetts and has executive offices and a design center in Irvine, California. Skyworks designs, manufactures and sells wireless analog semiconductors.

## THE ALLEGATIONS

**A.   Chen Worked For Skyworks As An Engineer And Agreed To Follow Its Code Of Business Code, Which Included Its Insider Trading Policy**

7.   Starting from 2007, Chen worked as a semi-conductor engineer in Skyworks' Orange County office.

8.   While Chen was employed at Skyworks, the company had a code of business conduct that included its insider trading policy. Skyworks regularly provided employee training on its code of conduct, and required employees annually to acknowledge receiving the company's code of conduct.

9.   Specifically, Skyworks' "Code of Business Conduct and Ethics" expressly required employees to obey insider trading laws, instructed them to review detailed information about the company's insider trading policy, and provided a link to that policy on the company's intranet site.

10.   Skyworks e-mailed employees each quarter to remind them of the company policy regarding insider trading; before each quarter's earnings release, Skyworks informed its employees about the blackout period and also admonished employees about the "general prohibition against trading based on material, non-public information," specifically listing trading in stocks, puts, or calls.

11.   Chen acknowledged, in writing, his receipt of Skyworks' code of business conduct which included its insider trading policy when he was hired in 2007, and also annually thereafter, including on July 7, 2014.

**B.   Chen Learned Of Skyworks' Financial Results, Which Was Material Non-Public Information**

12.   Chen's office was located in a different part of Skyworks' Orange County office than the accounting and finance department.

COMPLAINT                                  3

13. Chen did not have any responsibilities concerning accounting or finance.

14. Chen has admitted that he routinely used his employee security badge to gain unauthorized access to the Skyworks restricted office area for the accounting and finance staff, where he would go through the desks and work areas to find material non-public earnings reports in order to obtain information to make securities trades.

15. Chen has admitted that knew he was entering an area of the company he should not have entered, he knew he was accessing information that he did not have a right to review, and he knew what he was doing was wrong.

16. Chen improperly accessed the accounting and finance staff work area and reviewed Skyworks material non-public earnings reports in mid-April 2014.

17. Chen again improperly accessed the accounting and finance staff work area and reviewed Skyworks material non-public earnings reports on July 7, July 14, and July 16, 2014.

18. Chen gained improper access to the restricted accounting area a total of at least 22 times between June 6 and September 17, 2014.

**C.   Chen Breached His Fiduciary Duty To Skyworks And Its Shareholders By Trading On Material Non-Public Information**

19. After his unauthorized office access and report review, Chen made large trades of Skyworks securities. Once Skyworks released its earnings reports, Chen liquidated his Skyworks securities positions for a profit.

20. Chen admitted that he was willing to risk increasingly larger amounts of his own money in securities trades because he had access to the company's earnings reports before the information was public. In his view, this practically ensured that he would make money on his securities trades.

21. Chen profited from his trading in Skyworks securities, including, but not limited to, trades in April 2014 and July 2014.

22. Specifically, Chen purchased Skyworks stock and call options between March 19 and April 22, before the company announced its second quarter financial

results.

23. On April 22, 2014, after the close of the market, Skyworks reported positive earnings for its second quarter of 2014 (ended March 28, 2014). Skyworks reported revenue for the quarter of $481 million, up 13% year-over-year and better than the company's previous guidance of $470 million. Skyworks also provided a positive outlook for its third fiscal quarter of 2014. On April 23, 2014, Skyworks stock closed at $41.14, which was a price increase of $3.51 per share, or 9.33%, on an increased volume of 68%.

24. Chen sold his Skyworks securities immediately after this announcement in April 2014. Chen made more than $250,000 in profits from the options trades and a few thousand dollars from the stock trades.

25. The next quarter, Chen again purchased stock and call options in several transactions between July 8 and July 22, before the company announced its third quarter financial results.

26. On July 17, 2014, after the close of the market, Skyworks reported positive earnings for its third quarter of 2014 (ended June 27, 2014). Skyworks reported revenue for the quarter of $587 million, up 35% year-over-year and 22% sequentially, and better than the company's guidance of $570 million provided on June 3. Skyworks also provided a positive outlook for its fourth fiscal quarter of 2014. On July 18, 2014, Skyworks stock closed at $52.26, which was a price increase of $6.49 per share, or 14.09%, on an increased volume of 186%.

27. Again, Chen sold his Skyworks securities immediately after the announcement in July 2014. Chen made more than $475,000 in profits from the options trades and a few thousand dollars from the stock trades.

28. At the time he traded in the securities of Skyworks, Chen knew, or was reckless in not knowing, that the information he possessed concerning Skyworks' second and third quarter 2014 financial results was material nonpublic information.

29. Chen also knew, or was reckless in not knowing, that he owed Skyworks

a duty of trust or confidence to keep the material, nonpublic information he possessed concerning Skyworks' second and third quarter 2014 financial results confidential, and to not trade on it.

30. Alternatively, by trading on material nonpublic information about Skyworks' second and third quarter financial results, Chen misappropriated confidential information, in breach of a duty of trust or confidence to Skyworks and/or its shareholders.

31. Chen's profits from trading the securities of Skyworks on the basis of material non-public information concerning the second quarter 2014 and third quarter 2014 financial results were approximately $739,959.

**D.    Chen Was Fired After He Was Caught In The Act**

32. On September 15, 2014, at approximately 9 p.m., Chen used his security badge to gain unauthorized access to the Skyworks restricted office area for the accounting and finance staff. This time, however, two Skyworks employees, who were in the parking lot immediately outside that area, saw Chen through the window rifling through documents.

33. When one of these employees entered the building and asked Chen to stop, Chen instead ran out of the office through a side door and continued running out of sight behind the building.

34. On Saturday, September 20, 2014, Chen fled to Taiwan without informing anyone at Skyworks.

35. Skyworks investigated Chen's conduct and subsequently fired him.

36. Chen returned to the United States on March 29, 2019, and was interviewed by the FBI at the airport.

# FIRST CLAIM FOR RELIEF

**Fraud in the Connection with the Purchase and Sale of Securities**

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5**

**(Against Defendant Chen)**

37. The SEC realleges and incorporates by reference paragraphs 1 through 36 above.

38. By engaging in the conduct described above, Defendant Chen, directly and indirectly, bought Skyworks' securities between on or about April 21, 2014 and July 17, 2014, while in possession of material, non-public information of Skyworks' earnings announcements for 2Q2014 and 3Q2014, which Defendant Chen knew, or was reckless in not knowing, was in breach of Skyworks' Code of Business Conduct and Ethics as wells as his duty of trust and confidence to Skyworks, and/or to its shareholders, and for Defendant Chen's personal benefit.

39. By engaging in the conduct described above, Defendant Chen, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

40. By engaging in the conduct described above, Defendant Chen violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rules 10b-5(a), 10b-5(b), and 10b-5(c) thereunder, 17 C.F.R. §§ 240.10b-5(a), 240.10b-5(b) & 240.10b-5(c).

## PRAYER FOR RELIEF

WHEREFORE, the SEC respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that Defendant Chen committed the alleged violations.

### II.

Issue judgments, in forms consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently enjoining Defendant Chen, and his officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### III.

Order Defendant Chen to disgorge all funds received from his illegal conduct, together with prejudgment interest thereon.

### IV.

Order Defendant Chen to pay a civil penalty under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

### V.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VI.

Grant such other and further relief as this Court may determine to be just and necessary.

Dated: April 10, 2019

                                              */s/ Janet Rich Weissman*
                                              JANET RICH WEISSMAN
                                              Attorney for Plaintiff
                                              Securities and Exchange Commission